IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EDMARIE BONILLA ET AL

    Plaintiffs

            v.

FREEDOM PHARMACY, INC. ET AL

    Defendants

Civil No. 09-1773 (SEC)

**OPINION AND ORDER**

Pending before this Court is Defendants Freedom Pharmacy, Inc., and FMC distributors, Inc.'s motion to dismiss. Docket # 10. Plaintiffs have not opposed. After reviewing the filings, and the applicable law, Defendant's motion is **GRANTE**D.

**Factual Background**

On August 7, 2009, Plaintiffs Edmarie Bonilla ("Bonilla"), Fernando Toro ("Toro"), and their conjugal partnership, filed suit against Defendants under the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et al. According to Plaintiffs, Bonilla demotion and eventual termination by Defendants, was discriminatory and based on her pregnancy. On October 16, 2009, Defendants filed the instant motion, requesting the dismissal of Toro and the conjugal partnership's claims. In support of their request, Defendants argue that spouses lack standing to sue under Title VII, and Commonwealth employment statutes. They further contend that although Plaintiffs do not assert claims under Article 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141 & 5142, any tort claims as well as all of Plaintiffs' supplemental state law claims should be dismissed as well.

**Standard of Review**

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir.

**CIVIL NO. 09-1773 (SEC)**                                                                                             Page 2

2008).[1] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir. 2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed

---

[1] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

**CIVIL NO. 09-1773 (SEC)**  Page 3

factual allegations, the "plausibility standard is not akin to a 'probability requirement,'but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F. 3d 301, 305-06 (1st Cir. 2008).

**Applicable Law and Analysis**

Upon reviewing the record, this Court notes that Plaintiffs' complaint is devoid of any allegations regarding Toro and the conjugal partnership in the events that led to this lawsuit. Furthermore, Plantiffs do not allege that Toro was Defendant's employee. Thus Toro's only connection with this case is the fact that he is married to Bonilla. However, courts have held that "spouses of individuals who have been victimized by employment discrimination cannot be said to fall within the class of persons Title VII was intended to protect." Patton v. United Parcel Serv., 910 F. Supp. 1250, 1278 (S.D.Tx. 1995) (citing Feng v. Sandrik, 636 F. Supp. 77, 82 (N.D. Ill. 1986)); see also Broussard v. L.H. Bossier, Inc., 789 F.2d 1158, 1160 (5th Cir. 1986).

This court has held that "[t]hough Congress intended Title VII to provide a broad foundation to remedy employment discrimination, it did not intend to provide a remedy to a spouse of a plaintiff having no employment connection with the employer." Ramos v. Roche Products, Inc., 694 F. Supp. 1018, 1026 (1988) (vacated and remanded on other grounds). This

stems from the fact that Title VII only prohibits discrimination arising out of an employment relationship. Id. (citing Hickey v. Arkla Industries, Inc., 699 F.2d 748 (5th Cir. 1978). Since Toro and the conjugal partnership did not maintain an employer-employee relationship with Defendants, their claims under Title VII are **DISMISSED with prejudice**.

Having dismissed Plaintiffs' federal law claims against Toro and the conjugal partnership, Plaintiffs' state law claims against said co-defendants are also **DISMISSED**. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) (holding that "[t]he power of a federal court to hear and to determine sate-law claims in non-diversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit.").

**Conclusion**

Based on the foregoing, Defendants' motion to dismiss is **GRANTED**. Partial Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of December, 2009.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge